UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALONZO JOSEPH,

              Plaintiff,

     v.

FAYE MONTEGRANDE,

              Defendant.

Case No. 22-cv-03576-TLT

**ORDER OF SERVICE**

       Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 making several claims against several defendants about his medical care. ECF 1. The Court dismissed some of the defendants and some of the claims with prejudice, and provided plaintiff with the opportunity to file an amended complaint describing how defendant Montegrande failed to treat his Hepatitis C. ECF 6. Plaintiff filed his First Amended Complaint (FAC) on September 6, 2022. ECF 9. The FAC is now before the Court for screening pursuant to 28 U.S.C. § 1915A. Service of the FAC will be ordered on defendant Montegrande.

## DISCUSSION

### A.    Standard of Review

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

1       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

3   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

4   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

5   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

6   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

7   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

8   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

9       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11  alleged violation was committed by a person acting under the color of state law.  *See West v.*

12  *Atkins*, 487 U.S. 42, 48 (1988).

13      **B.    Legal Claims**

14      The Court previously instructed plaintiff to "specify whether defendant Montegrande was

15  aware of his Hepatitis C condition, and specify how defendant Montegrande's alleged inaction

16  disregarded an excessive risk to his health, given that during the same time period, plaintiff was

17  receiving treatment and diagnostic testing for his Hepatitis C."  ECF 6 at 4.

18      Plaintiff's FAC alleges that defendant Montegrande ordered labs for plaintiff which were

19  collected on October 11, 2021 and ultimately demonstrated that plaintiff had hepatitis C.  ECF 9 at

20  3.  Plaintiff states that defendant "at no time . . . refer[red] plaintiff to, or suggest[ed] any

21  treatment" and left him in severe pain and suffering including from gastroenteritis and cirrhosis.

22  *Id.*  He alleges that defendant continues to refuse to see him or refer him to a hepatitis C doctor,

23  and generally deprives him of hepatitis C treatment.  He states he has received no hepatitis C

24  treatment since 2018 and he seeks injunctive relief in the form of treatment.  *Id.*

25      The documents plaintiff submitted with his original complaint indicated that, as of October

26  2021, plaintiff was awaiting a scheduled ultrasound of his liver, as well as a scheduled

27  appointment with his primary care provider (PCP) to discuss his treatment plan.  ECF 1-1 at 13.

28  As of December 2021, plaintiff told his PCP that he wanted to receive hepatitis C treatment but

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   was informed that "further prescreening testing had to be completed before a request for treatment

2   could be completed." *Id.* at 16.  Diagnostic testing was completed on November 15, 2021, and

3   plaintiff had a pending follow-up appointment. *Id.*  Plaintiff was also informed that "[d]ue to the

4   significant number of patients eligible for hepatitis C treatment, patients at highest risk for

5   complication or death if they remain untreated will be prioritized to receive treatment first." *Id.*

6   Plaintiff has adequately alleged that defendant Montegrande is aware that he has hepatitis C and is

7   seeking treatment, but he has not received it.  Whether defendant is shielded from liability by the

8   California Correctional Health Care Services' treatment prioritization and exclusion criteria for

9   hepatitis C is a question for a later stage of the case.

10          Liberally construed, the Court finds that plaintiff has stated a cognizable Eighth

11   Amendment claim against defendant Montegrande for failure to treat his hepatitis C.  *See Erickson*

12   *v. Pardus*, 551 U.S. 89, 94 (2007) (overturning dismissal of *pro se* prisoner complaint alleging that

13   failure to treat hepatitis C was endangering his life).

14          Because defendant Montegrande has not yet been served, plaintiff's requests for ADR

15   (ECF 10 and 11) are denied as premature.

16                                        **CONCLUSION**

17          For the foregoing reasons, the Court orders as follows:

18          1.      Plaintiff has stated a cognizable Eighth Amendment claim against defendant

19   Montegrande for deliberate indifference to his medical needs.

20          2.      The Court ORDERS that service on defendant Montegrande shall proceed under

21   the California Department of Corrections and Rehabilitation (CDCR) e-service program for civil

22   rights cases from prisoners in the CDCR's custody.

23          In accordance with the program, the Clerk is directed to serve on the CDCR via email the

24   following documents: the operative complaint (ECF 9), this Order of Service, a CDCR Report of

25   E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the

26   plaintiff.

27          No later than 40 days after service of this order via email on the CDCR, the CDCR shall

28   provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

United States District Court
Northern District of California

the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

1  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

2  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

3  any fact that would affect the result of your case, the party who asked for summary judgment is

4  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

5  makes a motion for summary judgment that is supported properly by declarations (or other sworn

6  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

7  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

8  as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

9  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

10  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

11  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

12  F.3d at 962-63.

13       Plaintiff also is advised that—in the rare event that defendants argue that the failure to

14  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

15  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

16  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

17  exhaust your available administrative remedies before coming to federal court.  Such evidence

18  may include: (1) declarations, which are statements signed under penalty of perjury by you or

19  others who have personal knowledge of relevant matters; (2) authenticated documents—

20  documents accompanied by a declaration showing where they came from and why they are

21  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

22  in your complaint insofar as they were made under penalty of perjury and they show that you have

23  personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

24  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

25  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

26  issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

27       (The notices above do not excuse defendants' obligation to serve similar notices again

28  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

United States District Court
Northern District of California

1    motions for summary judgment.  *Woods*, 684 F.3d at 935.)

2           d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

3    date plaintiff's opposition is filed.

4           e.      The motion shall be deemed submitted as of the date the reply brief is due.

5    No hearing will be held on the motion unless the Court so orders at a later date.

6       7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

7    Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose

8    plaintiff and any other necessary witnesses confined in prison.

9       8.      All communications by plaintiff with the Court must be served on defendants or

10   their counsel, once counsel has been designated, by mailing a true copy of the document to them.

11      9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

12   informed of any change of address and must comply with the Court's orders in a timely fashion.

13   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

14   while an action is pending must promptly file a notice of change of address specifying the new

15   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

16   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)

17   the Court fails to receive within sixty days of this return a written communication from the *pro se*

18   party indicating a current address.  *See* L.R. 3-11(b).

19      10.     Upon a showing of good cause, requests for a reasonable extension of time will be

20   granted provided they are filed on or before the deadline they seek to extend.

21          **IT IS SO ORDERED.**

22   Dated: June 2, 2023

23

24   _____

25   TRINA L. THOMPSON
     United States District Judge

26

27

28