UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>   Plaintiff,<br><br> v.<br><br>FAYE MONTEGRANDE,<br><br>   Defendant. | Case No. 22-cv-03576-PCP<br><br>**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS, AND GRANTING MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 20, 25, 32 |

In this *pro se* civil rights action, Defendant was ordered to file an answer to Plaintiff's complaint by September 11, 2023, and to file a dispositive motion by November 9, 2023. *See* Dkt. No 12 (establishing schedule). When Defendant failed timely to file her answer, Plaintiff moved for default judgment. Dkt. No. 20. Defendant filed her answer on November 13, 2023. Dkt. No. 21.

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted).

Here, Defendant's answer has been filed, albeit late. Dkt. No. 21. *See also Eitel*, 782 F.2d at 1471–72 (noting that the district court had declined to enter a default where the defendant answered late). Defendant has explained that she failed timely to file her answer due to difficulty in obtaining counsel. Dkt. No. 22. This appears to be excusable neglect rather than anything more nefarious. Moreover, Plaintiff has not been prejudiced. The lawsuit was delayed only by a few

1  months, which is minimal when compared to the full year required to achieve a cognizable

2  complaint. *See generally* Dkt. Finally, as in any case, public policy favors deciding cases on the

3  merits rather than on procedural grounds. For these reasons, the motion for default judgment is

4  **DENIED**.

5  After Defendant filed her answer, Plaintiff moved for sanctions and argued that Defendant

6  had backdated the answer. Dkt. No. 25. Plaintiff is incorrect; the answer was not backdated.

7  Plaintiff's motion for sanctions is **DENIED**.

8  Defendant moved for a nunc pro tunc extension of time to file her dispositive motion,

9  representing that an extension was required in part because of Plaintiff's unwillingness to engage

10 in discovery. Dkt. No. 32. Defendant's motion is **GRANTED**.

## CONCLUSION

12  1. Plaintiff's motions for default and sanctions are DENIED. Defendant's motion for

13 an extension of time is GRANTED.

14  2. No later than **June 17, 2024**, Defendant shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the amended complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.

24  3. If Defendant is of the opinion that this case cannot be resolved by summary judgment, **she shall so inform the Court prior to the date the summary judgment motion is due**. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

28  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendant no later than **July 15, 2024**. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    5.    Defendants **shall** file a reply brief no later than **August 2, 2024**.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Plaintiff is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

**IT IS SO ORDERED.**

Dated: May 15, 2024

P. Casey Pitts
United States District Judge